UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JERRY JANVRIN d/b/a J&J TRUCKING,<br><br>    Plaintiff,<br><br>vs.<br><br>CONTINENTAL RESOURCES, INC., an Oklahoma Corporation,<br><br>    Defendant. | 4:14 CV-04124-KES<br><br><br>MEMORANDUM OPINION AND ORDER |

  Plaintiff, Jerry Janvrin d/b/a J&J Trucking, moves for leave to supplement his Rule 26(a) disclosures and responses to discovery requests regarding the damage and computation for lost income. Docket 27. Defendant, Continental Resources Inc., opposes the motion. Docket 31. The motion to supplement is granted.

## BACKGROUND

  On July 15, 2014, plaintiff filed a complaint alleging that defendant tortiously interfered with plaintiff's business relations and sought the following damages: loss of income, loss of value of business, loss of business reputation, costs for equipment, and all general and special damages permitted under South Dakota law. Docket 1-3 at 4-5. On October 8, 2014, plaintiff provided defendant with his Rule 26(a) disclosures, but plaintiff did not include computations of the amount of damages sought. Docket 26-1; Docket 26-2. Instead, plaintiff indicated that his damages would be quantified by an expert. Plaintiff, however, did not

disclose an expert witness by the May 1, 2015 deadline. Further, in his responses to defendant's interrogatories, plaintiff did not identify the amount of claimed damages he planned to seek at trial. Docket 26-3; Docket 26-4. When the discovery deadline for this case ended September 1, 2015, plaintiff had not disclosed a computation of his claimed damages. On July 5, 2016, defendant moved this court to exclude evidence of plaintiff's damages pursuant to Fed. R. Civ. P. 37(c)(1). Docket 26 at 1.

On July 20, 2016, plaintiff moved this court, pursuant to Fed. R. Civ. P. 26(e)(1)(B) and Fed. R. Civ. P. 16(b)(4), to allow plaintiff to supplement his disclosures. Docket 27. Plaintiff acknowledges that he failed to comply with Rule 26. Docket 28 at 1-4. But he argues that he was not able to provide his 2013 federal income tax return within the discovery period (Docket 33 at 3), defendant is not unduly prejudiced by admitting the evidence, and complete exclusion of the evidence is too harsh of a sanction. Docket 28 at 1-4.

Plaintiff did not properly disclose evidence pursuant to Rule 26(a)(1)(A)(iii) and Rule 26(e)(1)(A) because he did not provide defendants with a computation of his damages within the designated discovery period. Therefore, the issues presented to the court are: (1) whether the violation was substantially justified or harmless, and (2) whether exclusion of the evidence is the appropriate remedy.

## DISCUSSION

### I. An Untimely Disclosure of a Computation of Damages.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to make initial disclosures, including a computation of damages, and parties must supplement their initial disclosures when they learn of new information. Fed. R. Civ. P.

2

26(e)(1)(A). If a party fails to satisfy an initial or supplemental disclosure, the court has discretion to apply appropriate sanctions. Fed. R. Civ. P. 37(c)(1). An untimely disclosure is considered a nondisclosure. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). The "discretion to fashion a remedy or sanction" is "wide," but "narrows as the severity of the sanction or remedy . . . increases." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). To aid the district court in determining whether a failure to disclose is substantially justified or harmless and to fashion an appropriate sanction, the Eighth Circuit has provided a four-part balancing test. This balancing test considers "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.*

    **A.**    **Whether plaintiff's failure to properly disclose a computation of his damages was substantially justified.**

When considering whether a party's failure to disclose is justified, the court evaluates a variety of factors including the availability of the evidence, the party's knowledge of the relevancy of the evidence, and whether the party ever moved the court for additional time to gather the evidence. *See Trost*, 162 F.3d at 1008 (finding that failure to disclose was not justified when plaintiff did not hire an expert until after defendant produced its expert report and never sought an extension of the deadline); *Wegener*, 527 F.3d at 692-93 (finding that the failure to disclose was not justified because the needed hospital records were easily discoverable and highly relevant); *Carmody v. Kan. City Bd. Of Police Comm'rs*, 713 F.3d 401, 405 (8th Cir. 2013) (finding that the failure to disclose was not justified

by the substantial volume of documents because the officers never moved for additional time to review the documents).

In this case, plaintiff argues that the failure to disclose a computation of damages is justified because the mistake was inadvertent and arose when plaintiff decided not to retain a damages expert. Docket 30 at 4. Plaintiff also argues that he was unable to produce his 2013 tax return to defendant until after the discovery deadline because the tax return was not completed. Docket 33 at 3. This argument is similar to the justifications presented in *Trost* where the plaintiff argued that his failure to disclose resulted from the need to respond to the defendant's expert. *Trost*, 162 F.3d at 1008. The court in *Trost* found that, if the plaintiff required more time to respond to the defendant, the plaintiff should have moved the court for additional time. *Id.* A party cannot claim the lack of sufficient time as a substantial justification to a violation of the Civil Rules of Procedure when that same party made no effort to gain more time. Therefore, plaintiff was not substantially justified in not disclosing a computation of his damages within the discovery period.

**B.      Whether plaintiff's untimely disclosure of a computation of damages was harmless.**

When considering whether a failure to disclose was harmless, the court considers "the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of trial, and the importance of the information." *Wegener*, 527 F.3d at 692. *See Trost*, 162 F.3d at 1008-09 (finding that the admission of the evidence would not be harmless because it would disrupt the court's trial calendar and the other party

4

would not have time to properly prepare); *Tenbarge v. Ames Taping Tool Sys, Inc.*, 190 F.3d 862, 865 (8th Cir. 1999) (finding that the failure to supplement was not harmless because the other party could not adequately cross examine an expert witness); *Wegener*, 527 F.3d at 692 (finding that the admission of the evidence was not harmless because it would have postponed an already much-delayed trial and would not have provided the other party time to adequately prepare); *Carmody*, 713 F.3d at 405 (finding that the admission of the evidence would not be harmless because it would reopen discovery and prolong the litigation).

      The failure to disclose at issue in this case deviates substantially from past instances that the court found to be harmful. In *Trost*, the court found that the failure to disclose was not harmless because the admission of the evidence would disrupt the trial calendar, and in *Tenbarge*, the court found that the failure to disclose an expert witness was not harmless because the other party was unable to adequately prepare for cross examination. *Trost*, 162 F.3d at 1008-09; *Tenbarge*, 190 F.3d at 865. In *Wegener* and *Carmody*, the court found that the failure to disclose was not harmless because admitting the evidence would further delay an already much-delayed trial. *Wegener*, 527 F.3d at 692; *Carmody*, 713 F.3d at 405. Here, the court has not set a trial date, this litigation has not been plagued with delays, and the court will ensure that the defendant will have adequate time to prepare for cross examination. Given the circumstances, the court finds that the plaintiff's failure to disclose his computation of damages was harmless.

**II.     Whether exclusion of the damages is the appropriate remedy.**

"While sanctions under Rule 37(c)(1) are mandatory . . . exclusion of evidence should not apply if the offending party's failure was 'substantially justified,' or if the failure was 'harmless.' " *North Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp. 2d 1140, 1145 (D. Minn. 2003) (quoting *Transclean Corp. v. Bridgewood Servs. Inc*, 77 F. Supp. 2d 1045, 1064 (D. Minn. 1999), *rev'd on other grounds*, 290 F.3d 1364 (2002)). Because plaintiff's failure to disclose was harmless, this court will not exclude the evidence nor impose sanctions.

## CONCLUSION

The plaintiff's failure to timely disclose his computation of damages under Rule 26(a) was not substantially justified, but it was harmless. This court grants plaintiff's motion and extends the discovery deadline until November 12, 2016. Plaintiff must supplement his disclosures and provide defendant with the computations of plaintiff's damages by September 12, 2016. Defendant will then have two months to conduct discovery regarding the damages issues. It is ORDERED

(1) defendant's motion to exclude (Docket 26) is denied, and

(2) plaintiff's motion to extend deadlines (Docket 27) is granted.

Dated September 1, 2016.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6